UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| G&G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 18-cv-00382-WQH-KSC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| ANNA LEE PATRICIA SANCHEZ and CHRISTIAN FRANCISCO SANCHEZ, individually and d/b/a EMILYS TACO SHOP & BIRRIERIA, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment (ECF No. 8) filed by Plaintiff G&G Closed Circuit Events, LLC (G&G).

**I.    Background**

On February 20, 2018, G&G initiated this action by filing a complaint against Defendants Anna Lee Patricia Sanchez and Christian Francisco Sanchez, individually and d/b/a Emilys Taco Shop & Birrieria. (ECF No. 1). G&G brings causes of action against Defendants alleging violation of 47 U.S.C. §§ 605 and 553, conversion, and violation of Cal. Bus. & Prof. Code § 17200 et seq. *Id.*

The Complaint alleges that G&G is a limited liability company, and that G&G was "granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Saul*

*Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program*, telecast nationwide on Saturday, May 6, 2017" (the Program). *Id.* ¶ 5–6, 18. The Complaint alleges that G&G "entered into subsequent sublicensing agreements with various commercial entities" granting "the rights to publicly exhibit the Program within their respective commercial establishments." *Id.* ¶ 19. G&G alleges that on Saturday, May 6, 2017, "with full knowledge," "willfully," and "for purposes of direct and/or indirect commercial advantage and/or private financial gain," Defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment." *Id.* ¶ 21–22. G&G alleges that Defendants subjected it to "severe economic distress and great financial loss" by depriving G&G of the "commercial license fee to which [G&G] was rightfully entitled." *Id.* ¶ 34.

On May 21, 2018, G&G filed Proof of Service with respect to Defendants Anna and Christian Sanchez. (ECF No. 4.) The Proof of Service states that service was completed with respect to Defendants Anna and Christian Sanchez through personal service. *Id.*

On July 2, 2018, G&G filed a request for entry of clerk default as to Defendants. (ECF No. 5). In support of the request for entry of clerk default, G&G submitted the declaration of Thomas P. Riley, counsel for G&G, who stated that Defendants had not appeared in the action and had not responded to the Complaint within the time permitted by law. On July 3, 2018, the Clerk entered default as to Defendants. (ECF Nos. 6–7).

On July 13, 2018, G&G filed the Motion for Default Judgment. (ECF No. 8.) The docket reflects that Defendants have not filed any response.

**II. Discussion**

G&G moves the Court for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of "$6,600 in statutory damages and $16,500 in 'enhanced'

statutory damages," $2,200 in conversion damages, and reasonable attorneys' fees.[1] (ECF No. 8-2 at 1–3).

### A. Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). The Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

G&G has demonstrated that Defendants were served with the Complaint. *See* ECF No. 4. The docket reflects that no defendant has filed a responsive pleading. The Clerk of the Court has entered default against Defendants Anna Lee Patricia Sanchez and Christian Francisco Sanchez. (ECF Nos. 6–7).

---

[1] G&G states that it "only seeks liability and damages on its claim under 47 U.S.C. § 605 (as well as its claim for conversion)." (ECF No. 8-1 at 10).

3

The provisions of 47 U.S.C. § 605 prohibit the unauthorized receipt of satellite signals. 47 U.S.C. § 605; *see also G&G Closed Circuit Events, LLC v. Aguilar*, No. 18cv465JM(BGS), 2018 WL 3656118, at *2 (S.D. Cal. July 31, 2018). The elements of conversion are "ownership or right to possession of property, wrongful disposition of the property right and damages." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992) (citing *Tyrone Pacific Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981)).

G&G has alleged sufficient facts to establish that G&G owned the rights to the Program; that Defendants intercepted, received, published, divulged, displayed, or exhibited the Program without authorization on Saturday, May 6, 2017; and that Defendants' conduct caused G&G financial losses. G&G has provided a sworn affidavit from the investigator who observed and documented the Defendants' conduct underlying the allegations. (ECF No. 8-3). G&G has provided a sworn affidavit from G&G's President, who states that G&G had exclusive rights to the Program, that G&G did not sublicense the Program to the Defendants, and that G&G sustained "loss[es] of several millions of dollars of sales revenue." (ECF No. 8-4 at 2, 6). The factual allegations in the Complaint are sufficient to sustain G&G's claim for violation of 47 U.S.C. § 605 and conversion.

In this case, the possibility of prejudice to G&G is high if the Court does not enter default judgment against Defendants. If G&G is not granted default judgment against Defendants, G&G may be without any recourse for recovery. The record reflects that Defendants were served with the Complaint, the Request for Entry of Default, and the Motion for Default Judgment. (ECF Nos. 4, 5-2, 8-5). The possibility that Defendants' default was due to excusable neglect is low. Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence of R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003)

(internal quotation marks omitted). The Court has considered the factors articulated in *Eitel* and the Court concludes that G&G is entitled to default judgment against Defendants for violation of 47 U.S.C. § 605 and conversion, pursuant to Rule 55(b)(2).

### B. Damages

G&G seeks statutory damages of $6,600 and asserts that Defendants acted "willfully and for financial gain" in this case. (ECF No. 8-1 at 17). G&G contends that $16,500 in additional statutory damages is available due to the willfulness of Defendants' acts, and that its request for total damages of $23,100 is reasonable. *Id.* at 14, 17–19.

Pursuant to Rule 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

> Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . .

*Phillip Morris*, 219 F.R.D. at 498 (citations omitted). Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo*, 826 F.2d at 917–18. Statutory damages are appropriate in default judgment cases because the ability to determine a plaintiff's actual damages is limited when a defendant fails to mount a defense or participate in discovery. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

A plaintiff may recover between $1,000 and $10,000 for each violation of 47 U.S.C. § 605, as the court considers just. § 605(e)(3)(C)(i)(II). The court may increase this award by a maximum of $100,000 if the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* at § 605(e)(3)(C)(ii).

In this case, accepting the allegations of the Complaint as true, G&G is entitled to a default judgment against Defendants on grounds of 47 U.S.C § 605. G&G has not provided the Court with evidence of actual damages or the willfulness of Defendants' conduct. *See* 605(e)(3)(C)(ii). Accordingly, the Court may award between $1,000 and $10,000 for the

statutory violation in this case. The Court concludes that G&G is entitled to an award of statutory damages in the amount of $4,400.

G&G further contends that $2,200 is appropriate for conversion damages in addition to statutory damages. (ECF No. 8-1 at 20–21). Conversion damages are measured using the "value of the property at the time of the conversion." Cal. Civ. Code. § 3336. Accepting the allegations of the Complaint as true, G&G is entitled to a default judgment against Defendants on grounds of conversion. G&G has presented evidence that Defendants could have legally sublicensed the Program for $2,200. (ECF No. 8-4 at 19). Accordingly, the Court awards $2,200 in conversion damages.

### III. Conclusion

IT IS HEREBY ORDERED that Plaintiff G&G Closed Circuit Events, LLC is entitled to $4,400 in statutory damages and $2,200 in conversion damages. Plaintiff may submit evidence to support the request for attorney's fees within fourteen days from the date of this Order. The Motion for Default Judgment will remain pending to allow Plaintiff time to submit evidence related to attorney's fees.

Dated: October 26, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court