UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANNA LEE PATRICIA SANCHEZ and CHRISTIAN FRANCISCO SANCHEZ, individually and d/b/a EMILYS TACO SHOP & BIRRIERIA,<br><br>Defendants. | Case No.: 18-cv-00382-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Default Judgment (ECF No. 8) and the Motion for Attorney Fees (ECF No. 10) filed by Plaintiff G&G Closed Circuit Events, LLC (G&G).

**I.     Background**

On February 20, 2018, G&G initiated this action by filing a complaint against Defendants Anna Lee Patricia Sanchez and Christian Francisco Sanchez, individually and d/b/a Emilys Taco Shop & Birrieria. (ECF No. 1). G&G brings causes of action against Defendants alleging violation of 47 U.S.C. §§ 605 and 553, conversion, and violation of Cal. Bus. & Prof. Code § 17200 et seq. *Id.*

The Complaint alleges that G&G is a limited liability company, and that G&G was "granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program*, telecast nationwide on Saturday, May 6, 2017" (the Program). *Id.* ¶ 5–6, 18. The Complaint alleges that G&G "entered into subsequent sublicensing agreements with various commercial entities" granting "the rights to publicly exhibit the Program within their respective commercial establishments." *Id.* ¶ 19. G&G alleges that on Saturday, May 6, 2017, "with full knowledge," "willfully," and "for purposes of direct and/or indirect commercial advantage and/or private financial gain," Defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment." *Id.* ¶ 21–22. G&G alleges that Defendants subjected it to "severe economic distress and great financial loss" by depriving G&G of the "commercial license fee to which [G&G] was rightfully entitled." *Id.* ¶ 34.

On May 21, 2018, G&G filed Proof of Service with respect to Defendants Anna and Christian Sanchez. (ECF No. 4.) The Proof of Service states that service was completed with respect to Defendants Anna and Christian Sanchez through personal service. *Id.*

On July 2, 2018, G&G filed a request for entry of clerk default as to Defendants. (ECF No. 5). In support of the request for entry of clerk default, G&G submitted the declaration of Thomas P. Riley, counsel for G&G, who stated that Defendants had not appeared in the action and had not responded to the Complaint within the time permitted by law. On July 3, 2018, the Clerk entered default as to Defendants. (ECF Nos. 6–7).

On July 13, 2018, G&G filed the Motion for Default Judgment. (ECF No. 8.) The docket reflects that Defendants have not filed any response. In the Motion, G&G requested fourteen days from the entry of judgment to submit a motion for costs and attorney fees. (ECF No. 8-1 at 21).

On October 26, 2018, the Court issued an Order stating,

IT IS HEREBY ORDERED that Plaintiff G&G Closed Circuit Events, LLC is entitled to $4,400 in statutory damages and $2,200 in conversion damages. Plaintiff

may submit evidence to support the request for attorney's fees within fourteen days from the date of this Order. The Motion for Default Judgment will remain pending to allow Plaintiff time to submit evidence related to attorney's fees.

(ECF No. 9 at 6). On November 9, 2018, G&G filed a Motion for Attorney Fees and Costs. (ECF No. 10). G&G requests "costs in the amount of $1,375.02 and attorneys' fees in the amount of $3,245.00." *Id.* at 5. G&G contends attorneys' fees are warranted because 47 U.S.C. § 605 requires courts to award costs and attorneys' fees to an aggrieved prevailing party. *Id.* at 2. G&G contends G&G is an aggrieved party within the meaning of the statute based on owning exclusive nationwide distribution rights to the Program. *Id.* G&G filed a declaration from G&G's counsel, Thomas P. Riley, which includes an itemized list of the fees and costs incurred, stating that the total costs and attorney's fees incurred in this case are $4,620.02. (Ex. 1 to Thomas Decl., ECF No. 10-2 at 8). G&G's costs include $625 in investigative fees, $400 in filing fees, $323.85 in service of process fees, and $26.17 in courier charges. *Id.*

The provisions at 47 U.S.C. § 605(e)(3)(B)(iii) state that courts "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." G&G provides sufficient evidence to establish that G&G is entitled to $4,620.02 in attorney's fees and costs.

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 8) and the Motion for Attorney Fees and Costs (ECF No. 10) are GRANTED. G&G is entitled to $4,400 in statutory damages, $2,200 in conversion damages, and $4,620.02 in attorney's fees and costs.

The Court orders G&G to submit a proposed judgment in accordance with this Order within fourteen days of the date of this Order.

Dated: November 28, 2018

Hon. William Q. Hayes
United States District Court